# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **MARTHA RUTH SMITH** | **CIVIL ACTION NO. 15-2601-P** |
| **VERSUS** | **CHIEF JUDGE HICKS** |
| **KAREN NEWTON, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Martha Ruth Smith ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on October 21, 2015. Plaintiff was incarcerated at the Caddo Correctional Center in Shreveport, Louisiana, when she filed this complaint. She names Karen Newton, Eddie Newton, Rolonda Stanley, Katrina Hunter, Courtney Young, Alex, Janice Hollier, Anthony Qualls, Judge Paul Young, III., and Bonnie as defendants.

Plaintiff claims that on June 6, 2013, her three children moved in with Karen and Eddie Newton and she moved in with the father of her unborn child. She claims that on June 9, 2013, Karen Newton took her daughter H.S. to a forensic interview at the Gingerbread House with Alex because H.S. had been having nightmares.

Plaintiff claims that on August 5, 2013, Detective Bell questioned her because Karen Newton made a complaint against her. She claims Karen and Eddie Newton alleged that H.S. was sexually abused when she lived with her.

Plaintiff claims that on August 9, 2013, Karen Newton took H.S. to the Gingerbread House for counseling with Bonnie. Plaintiff claims that in September of 2013, the Gingerbread House employees refused to disclose any information to her.

Plaintiff claims the Gingerbread House employees and state psychiatrist Janice Hollier placed H.S. under hypnosis, used reverse psychology, and played mind games with her to make her believe that she had been harmed by her. Plaintiff claims the state workers falsely claimed that H.S. was abused and raped while in her care. She claims H.S. was prescribed medication without a proper diagnosis and the medication caused her to be mentally challenged. She claims H.S. was also given mind controlling medications.

Plaintiff claims she requested that H.S. be examined, and the forensic report determined that H.S. had not been raped. Plaintiff claims Judge Paul Young sealed the forensic report and all sessions at the Gingerbread House. Plaintiff claims her visitation with H.S. stopped on November 7, 2013.

Plaintiff claims CPS Investigator Rolonda Stanley charged her with passive sexual abuse of her son D.S. and lack of adequate supervision. She claims Stanley reopened the case for CPS that the police had closed. She claims there was no new evidence to support the case being reopened.

Plaintiff claims Rolonda Stanley also charged her with neglect and abuse of her children H.S. and M.S. She claims Stanley used the Gingerbread House Sessions with Alex and Bonnie and the records of Janice Hollier to charge her. She claims she was never questioned or interviewed.

Plaintiff claims CPS Investigator Katrina Hunter charged her with lack of adequate supervision and neglect and/or abuse of her son C.S. She claims that on December 18, 2013, Hunter took C.S. from her two days after he was born because of alleged neglect and/or abuse.

Plaintiff claims that on October 2, 2013, case worker Courtney Young presented a case plan that she had to follow to regain custody of her children. She claims that on September 4, 2014, Young lied under oath and stated that she did not comply with the case plan. Plaintiff claims that because of her alleged noncompliance, Young requested that her parental rights be terminated, and her children be adopted.

Plaintiff claims that on September 12, 2014, she faxed all the evidence that she had complied with all requirements up until her discharge to DCFS employee Wanda Waldrop. She claims that on September 24, 2014, Wanda Waldrop turned the evidence over to the Regional Committee and the Regional Committee then turned the evidence over to the Caddo District Attorney for the Juvenile Division.

Plaintiff claims her visits with her children ended because of the false allegations of Karen Newton, Eddie Newton, and the Gingerbread House. She claims that on November 7, 2013, her visits with H.S. stopped. She claims that on May 29, 2014, her visits with D.S. and M.S. stopped.

Plaintiff claims that on April 2, 2015, Judge Young found that she did not follow her case plan and her parental rights were terminated. Plaintiff claims Judge Young failed to provide his oath.

Plaintiff provides juvenile court minutes which show that on September 2, 2015, the adoption of her children was finalized [Doc. 24, p. 38].

Accordingly, Plaintiff seeks criminal charges against all Defendants, the suspension of Defendants licenses, investigation of Defendants other cases, reinstatement of her parental rights and the immediate return of her children, and monetary compensation.

## LAW AND ANALYSIS

At the heart of Plaintiff's complaint is her request that the federal court correct what Plaintiff perceives as errors in the state court litigation regarding the termination of her parental rights and the adoption of her children. The Supreme Court has definitively established, in what has become known as the Rooker-Feldman doctrine, that federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify or nullify final orders of state courts. Union Planters Bank v. Salih, 369 F.3d 457 (5th Cir. 2004); Weekly v. Morrow, 204 F.3d 613, 615 (5th Cir. 2000). If a state court or tribunal errs, the judgment is to be reviewed and corrected by the appropriate state appellate court. Recourse to the federal level is then limited to an application for a writ of certiorari to the United States Supreme Court. Id. See also Hagerty v. Succession of Clement, 749 F.2d 217, 220 (5th Cir. 1984) ("A plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action.").

It is clear in this matter that Plaintiff's lawsuit amounts to a collateral attack on the state court's judgment terminating her parental rights and the adoption of her children. Plaintiff asks this court to restore her parental rights and return her children to her. The sole cause of Plaintiff's injury are the state court judgments. Plaintiff's attempt to classify her alleged injury as a civil rights injury is prohibited by the Rooker-Feldman doctrine. See Hagerty.

Accordingly, Plaintiff's recourse for any constitutional violations committed by these Defendants is on writ of certiorari to the United States Supreme Court.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 31st day of October, 2018.

Mark L. Hornsby
U.S. Magistrate Judge